IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENKE, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 1:23-cv-02950-CJN |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

The Supreme Court's decision in *Corner Post, Inc. v. Board of Governors of Federal Reserve System*, No. 22-1008, 2024 WL 3237691 (U.S. July 1, 2024), does not affect Defendant's statute-of-limitations argument as to one of the four Plaintiffs in this case: Plaintiff Jane Rachel Heller. As to the remaining three Plaintiffs, Defendant concedes the statute-of-limitations argument in Defendant's motion to dismiss but reserves the right to raise that argument again at the summary judgment stage, as appropriate.

In *Corner Post*, the Supreme Court held that "[a] claim accrues [under 28 U.S.C. § 2401(a)] when the plaintiff has the right to assert it in court—and in the case of the APA, that is when the plaintiff is injured by final agency action." *Id.* at *4. In that case, the plaintiff Corner Post was a truck stop and convenience store that was incorporated in 2017 and opened for business in 2018. *See id*. Corner Post brought suit in 2021, alleging injury from a regulation published in 2011 related to debit card transaction fees. *See id*. Notwithstanding that the regulation had been published ten years prior to the lawsuit, the Court held that Corner Post's claim was within the six-year statute of limitations because Corner Post was incorporated in 2017 and opened for business in 2018. *See id*. at *8.

*Corner Post* confirms only that the statute of limitations to bring an APA claim challenging agency action begins to run when that agency action injures the plaintiff. *Corner Post* does not speak to when said injury occurs. And, as Defendant previously explained in the alternative, Plaintiffs' alleged injury resulting from the $2,350 renunciation processing fee did not occur at the time Plaintiffs paid the renunciation processing fee. *See* Reply in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, to Transfer at 3, ECF No. 14 ("Def.'s Reply"). Instead, a plaintiff suffers an "injury in fact" when there is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted) (cleaned up). Plaintiffs' alleged injury thus occurred as soon as they faced the concrete, actual, and imminent threat of paying an allegedly illegal fee to renounce their U.S. citizenship. *See id*. Plaintiffs faced that threat as soon as they decided to renounce their U.S. citizenship. At the very least, Plaintiffs clearly faced that threat as soon as they began the renunciation process.

Any other conclusion would be directly contrary to *Corner Post*. *Corner Post* provides that "[a] right of action 'accrues' when the plaintiff has a 'complete and present cause of action'— i.e., when she has the right to 'file suit and obtain relief.'" *Corner Post, Inc.*, 2024 WL 3237691, at *6. It is well established that a plaintiff has "the right to 'file suit and obtain relief,'" *id.*, in a challenge to a fee prior to paying that fee, *see, e.g.*, *Vill. of Bensenville v. FAA*, 376 F.3d 1114, 1119 (D.C. Cir. 2004) (holding suburbs had standing to challenge final rule imposing fee on all passengers enplaning at airport, which fee would not be collected for another thirteen years); *Cath. Legal Immigr. Network, Inc. v. Exec. Off. for Immigr. Rev.*, 513 F. Supp. 3d 154, 169 (D.D.C. 2021) (holding immigrant's rights organization had standing to challenge final rule increasing immigration court filing fees, which rule had not yet taken effect). Indeed, even L'Association des Americains Accidentels' own first attempt at challenging the 2015 Final Rule—raising the

2

same claims challenging the validity of the $2,350 renunciation processing fee—involved plaintiffs who had not yet paid the renunciation processing fee. *See L'Association des Americains Accidentels v. U.S. Dep't of State*, 656 F. Supp. 3d 165, 172–73 (D.D.C. 2023), *appeal filed,* No. 23-5034 (D.C. Cir. Feb. 16, 2023). And neither the Government nor the court suggested that the plaintiffs there lacked injury. *See generally id*.

Under the *Corner Post* rule, the claims of one Plaintiff are conclusively time-barred. As previously explained, *see* Def.'s Reply at 5, Plaintiffs allege that Plaintiff Heller paid the renunciation processing fee in November 2015, *see* Er. Compl. ¶ 12, ECF No. 3. Regardless of when exactly Plaintiff Heller decided to renounce her U.S. citizenship prior to paying the fee in November 2015, her claims had run—at the very latest—six years after that, in November 2021. Because Plaintiffs filed this lawsuit in October 2023, Plaintiff Heller's claims are barred by the statute of limitations. *See* 28 U.S.C. § 2401(a).

As to the remaining three Plaintiffs, Plaintiffs do not plead any facts indicating when they first intended to renounce their U.S. citizenship or even when they initiated the renunciation process. Absent those facts, Defendant concedes any statute-of-limitations argument as to the remaining three Plaintiffs at the motion to dismiss stage but reserves the right to renew those arguments at the summary judgment stage, as appropriate.

Dated: July 10, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Deputy Director, Federal Programs Branch

*/s/ Cassandra M. Snyder*
CASSANDRA M. SNYDER
DC Bar No. 1671667
Trial Attorney
United States Department of Justice

                Civil Division, Federal Programs Branch
                1100 L St. NW
                Washington, DC 20005
                Tel: (202) 451-7729
                Fax: (202) 616-8470
                E-mail: cassandra.m.snyder@usdoj.gov

                *Counsel for Defendant*